UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH A.[1],

                      Plaintiff,

v.                                                      CASE # 20-cv-06020

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

_____

APPEARANCES:                                    OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC      CORINNE MARIE
  Counsel for Plaintiff                                MANFREDI, ESQ.
600 North Bailey Ave                                  KENNETH R. HILLER, ESQ.
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                  HEATHER T. FRITTS, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II    KATHRYN L. SMITH, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative

---

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I.    RELEVANT BACKGROUND

### A.    Factual Background

Plaintiff was born on August 21, 1988, and has greater than a high school education. (Tr. 207, 215). Generally, plaintiff's alleged disability at the time of application was right knee meniscal tear, lower back strain, migraine headaches, post-traumatic stress disorder, polysubstance abuse, gastroesophageal reflux disease, plantar fasciitis, bilateral hip condition, right thumb tendon surgery. (Tr. 206). His alleged onset date is December 12, 2011 and his date last insured was June 30, 2014. (Tr. 223).

### B.    Procedural History

On September 7, 2018, plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (Tr. 190). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On May 13, 2019, plaintiff appeared before the ALJ, Mary Mattimore. (Tr. 32-73). On September 27, 2019 ALJ Mattimore issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 14-27). On November 25, 2019, the Appeals Council ("AC") denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 2-4). Thereafter, Plaintiff timely sought judicial review in this Court.

### C.    The ALJ's Decision

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant last met the insured status requirements of the Social Security Act on June 30, 2014.

2.  The claimant did not engage in substantial gainful activity during the period from his alleged onset date of December 12, 2011 through his date last insured of June 30, 2014 (20 CFR 404.1571 *et seq.).*

3.  The claimant has the following severe impairments: major depressive disorder, posttraumatic stress disorder (PTSD), polysubstance abuse, post right knee meniscectomy with ACL repair; migraine headaches, intervertebral disc syndrome (20 CFR 404.1520(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the claimant can occasionally climb stairs, ladders ropes, and scaffolds. He can occasionally kneel, crouch, and crawl. He can work at a moderate noise level as defined in Appendix D in the Selected Characteristics of Occupations. He can perform low stress work, defined as simple routine work and make simple workplace decisions, not at production rate pace (assembly line pace). He can maintain attention and concentration for two-hour blocks of time. He can tolerate minimal changes in work place processes and settings, and occasional interaction with supervisors, coworkers and the public. He cannot perform tandem or team work.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7.  The claimant was born on August 21, 1988 and was 23 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the clamant can perform (20 CFR 404.1569 and 404.1569a).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from December 12, 2011, the alleged onset date, through June 30, 2014, the date last insured (20 CFR 404.1520(g)).

(Tr. 14-27).

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings. First, he argues the ALJ's RFC determination was based upon her own surmise because there was not a function-by-function opinion within the evidence of record. (Dkt. No. 7 at 8 [Plaintiff's Mem. of Law]). Second, the ALJ failed to develop the record and request a retrospective opinion. (*Id.*).

### B.    Defendant's Arguments

In response, defendant asserts two arguments. First, defendant argues the ALJ's RFC is supported by substantial evidence and based on a review of the record as a whole. (Dkt. No. 10 at 10 [Defendant's Mem. of Law]). Second, defendant argues the record contained sufficient evidence to assess plaintiff's functioning during the relevant period. (Dkt. No. 10 at 16).

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct

4

legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

### A.  RFC

Plaintiff asserts remand is required because the ALJ's mental and physical RFC findings were unsupported by substantial evidence and that she used lay judgment to determine plaintiff's physical and mental limitations. (Dkt. No. 7 at 8). As noted in the procedural history, although plaintiff applied for benefits in September 2018, his alleged onset date was in December 2011 and his date last insured June 2014. Plaintiff argues the ALJ based the RFC on bare medical findings and lay interpretation of those findings, in part because she did not have medical opinions which were relied upon. However, an ALJ's RFC determination is not fatally flawed merely because it was formulated absent a medical opinion.  The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted). Therefore, plaintiff's assertion that the RFC determination was the product of legal error because it was not supported by a specific medical opinion is without merit.

Here, plaintiff's representative conceded that all records from the relevant period had been received and the record could be closed. (Tr. 45). The ALJ meticulously discussed not only the

records during the relevant period, but also those preceding the alleged onset date that included impairments which were alleged to be severe. As held in *Biestek v. Berryhill*, substantial evidence is more than a mere scintilla and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (internal citations and quotations omitted). The record contained more than a mere scintilla of evidence regarding plaintiff's mental functional abilities and the ALJ's analysis of the evidence in the record was adequate to establish a link between the evidence and the RFC.

ALJ Mattimore properly considered plaintiff's reported activities and determined such daily routines were inconsistent with his allegations of disabling functional limitations. For instance, plaintiff alleged his most limiting impairment was PTSD, which he testified existed even prior to enlisting in the military in 2008. (Tr. 53-54). At the hearing, plaintiff claimed his typical day was "fairly similar to other people." (Tr. 64). He testified he had never received treatment or medication for his mental health impairments but for a 28-day inpatient stay that was for substance abuse treatment and mental health. (Tr. 50). The ALJ discusses the long history of substance abuse including a March 2011 detoxification. (Tr. 24). In the decision, the ALJ noted that during an evaluation in April 2011, plaintiff denied experiencing any depressive symptoms. (Tr. 24, *referring* to Tr. 610). Despite alleging he could not be around others, the ALJ explained plaintiff had friends while in the military, reported socializing with friends several times a week, self-enrolled and attended narcotics anonymous (NA) meetings five times a week, and was doing well when attending college courses in May 2013, and enjoyed fishing and nature. (Tr. 24, *referring to* 325, 336). The ALJ accounted for any limitations from plaintiff's mental impairments by limiting him to performing low stress work, defined as simple routine work and making simple workplace decisions, not at production rate pace (assembly line pace); maintaining attention and

concentration for two-hour blocks of time; tolerating minimal changes in work place processes and settings; occasionally interacting with supervisors, coworkers and the public; and never performing tandem or team work. (Tr. 22). No further mental limitations were warranted by the record. Plaintiff claims there were additional instances of limitations including outbursts, inability to take public transportation, and depression which keeps him in bed for days, but only cites his own testimony of such with no medical records to support the extreme claimed limitations. (Dkt. No. 7 at 13). *See* 20 C.F.R. § 404.1529(c)(3); SSR 16-3p; *See Morris v. Comm'r of Soc. Sec.*, No. 5:12-CV-1795, 2014 WL 1451996, at *8 (N.D.N.Y. Apr. 14, 2014) ("The issue is not whether Plaintiff's limited ability to undertake normal daily activities demonstrates her ability to work. Rather, the issue is whether the ALJ properly discounted Plaintiff's testimony regarding her symptoms to the extent that it is inconsistent with other evidence.").

The ALJ also properly considered the evidence related to physical impairments when formulating the RFC. Plaintiff alleged disabling back pain and the ALJ referenced an August 2012 lumbar spine x-ray which revealed minimal rotary deformity. (Tr. 24, *referring to* Tr. 308, 504). The ALJ discussed that plaintiff alleged pain with movement but upon exam he had no signs or symptoms of radiculopathy, negative straight leg raising, full strength, no muscle atrophy, normal reflexes, and no localized tenderness, guarding or muscle spasms. (Tr. 24, *referring to* Tr. 312-14). The ALJ discussed the history of knee injury and surgery, prior to the alleged onset date, with recovery from his knee surgery and normal findings on exam. (Tr. 25). Plaintiff testified he had trouble performing work in construction during the relevant period because climbing up and down the ladder was painful for his knees, back and feet. (Tr. 56). The ALJ accordingly limited plaintiff to medium work with occasional postural activities.

Lastly, the ALJ discussed plaintiff's history of headaches but also reported relief with medication. (Tr. 25, *referring to* Tr. 347, 606). In November 2011, one month before the alleged onset date, plaintiff denied any headaches and reported he rarely took his medication. (Tr.578-79). *See* SSR 16-3p ("If the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints . . . we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall record." Plaintiff asserts the ALJ did not account for testimony that he was suffering from migraines three times per week lasting 1-2 days, requiring treatment at the emergency room. However, this claim is wholly unsupported by the evidence of record. (Dkt. No. 7 at 12). The ALJ did account for noise sensitivity limiting plaintiff to moderate noise as defined in Appendix D in the Selected Characteristics of Occupations. (Tr. 22).

Contrary to plaintiff's argument, function-by-function opinion evidence is not required for an ALJ to make an RFC determination. *See* 20 C.F.R. § 404.1527(d)(2), ("Although we consider opinions from medical sources on issues such as . . . your residual functional capacity . . . the final responsibility for deciding these issues is reserved to the Commissioner."). Here the ALJ's RFC determination was based upon all the relevant evidence in the record and the ALJ properly relied on the totality of the evidence.

**B.  Duty to Develop**

Plaintiff's argument that the ALJ failed to develop the record because she did not request a retrospective opinion is without merit. The ALJ "is not required to develop the record any further when the evidence already presented is adequate for [the ALJ] to make a determination as to disability." *Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) (citing *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996)) (internal citations omitted). The record does not lack information due to the

ALJ's failure to develop the record. The record lacks information because there simply is none. The ALJ cannot develop that which does not exist. The Administration requested and received what information was available. In addition, plaintiff was represented by counsel at all stages of his application including at the hearing where plaintiff's representative agreed the record was complete for the relevant period and could be closed. (Tr. 45).

It is plaintiff's burden to produce evidence and prove both his RFC and his disability. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3) (claimant is "responsible for providing the evidence [the ALJ] will use to make a finding about [his] residual functional capacity"); *Poupore v. Astrue*, 566 F.3d 305-306 (2d Cir. 2009); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008); *see also Smith v. Berryhill*, 740 F. App'x 721 (2d Cir. 2018). It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). ALJ Mattimore thoroughly reviewed the medical evidence prior to the date last insured and relied on the totality of the evidence in the record in assessing the RFC finding. (Tr. 22-26). As discussed above, medical opinion evidence is not required where the record contains sufficient evidence from which the ALJ could assess an RFC. *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996). Further, plaintiff argues a retrospective opinion should have been obtained but plaintiff admitted at the hearing he had no mental health treatment during the relevant time period. (Tr. 50). There is no way to get a medical opinion when there was no treatment. Plaintiff's argument that the providers at the VA Medical Center should have been contacted is also unpersuasive (Dkt. No. 7 at 16). VA records indicate only four visits during the relevant period, two of which were primarily related to a Disability Benefits Questionnaire[2]. (Tr.

---

[2] Notably this claim was filed on or after March 27, 2017, which deems decisions by other governmental agencies and nongovernmental entities, disability examiner findings, and statements on issues reserved to the Commissioner (such as statements that a claimant is or is not disabled) as evidence that "is inherently neither valuable nor persuasive to the issue of whether [a claimant is] disabled." 20 C.F.R. §§ 404.1520b(c)(1)-(3).

286-341). Although plaintiff had a psychiatric visit on May 30, 2013, a treatment record from May 7, 2018 indicates that was the last time he was seen by the psychiatrist at the VA. (Tr. 431).

Plaintiff's argument is an attempt to shift the burden of proof by arguing that the ALJ did not develop the record, however plaintiff's medical records just do not establish what limitations would prevent him from working. *See Reynolds v. Colvin*, 570 Fed. App'x 45, 47 (2d Cir. 2014) ("A lack of supporting evidence on a matter where the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits."); *Dumas v. Schweiker*, 712 F.2d at 1553 (2d Cir. 1983)("[t]he [Commissioner] is entitled to rely not only on what the record says, but also on what it does not say."). The ALJ properly developed and considered the evidence from the relevant time period.

**ACCORDINGLY, it is**

ORDERED that plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is

**DENIED;** and it is further

ORDERED that defendant's motion for judgment on the pleadings (Dkt. No. 10) is

**GRANTED.**

Dated: May 6, 2021                              *J. Gregory Wehrman*
Rochester, New York                             HON. J. Gregory Wehrman
                                                United States Magistrate Judge